Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:    mark@markmerin.com
            paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF JACOB APODACA
and ROBERT APODACA JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ESTATE OF JACOB APODACA and ROBERT APODACA JR.,<br><br>    Plaintiffs,<br><br>vs.<br><br>COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

21-year-old JACOB APODACA was inadequately booked, classified, assigned, and housed at the Merced County Main Jail as a pretrial detainee in custody of the COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, and other jail inmates were insufficiently supervised and searched for contraband, resulting in a jailhouse attack and the death of JACOB APODACA.

## JURISDICTION & VENUE

1.    This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to

1

address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has jurisdiction of the state claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Merced, California.

## EXHAUSTION

4.      On October 25, 2022, the ESTATE OF JACOB APODACA and ROBERT APODACA JR. submitted a government claim to the COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE relating to the claims asserted in this action. (Claim Number 2022-080.)

5.      On October 26, 2022, the ESTATE OF JACOB APODACA and ROBERT APODACA JR. submitted an amended government claim to the COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE relating to the claims asserted in this action. (Amended Claim Number 2022-080.)

6.      On December 12, 2022, the COUNTY OF MERCED submitted a notice of action on claim, wherein notice was provided that the claim was "Rejected by Board of Supervisors Action on 12/6/2022."

7.      By December 12, 2022, the MERCED COUNTY SHERIFF'S OFFICE failed or refused to act on the government claim within 45 days after the government claim was presented, pursuant to California Government Code section 912.4.

## PARTIES

8.      Plaintiff ESTATE OF JACOB APODACA appears by and through real-party-in-interest Plaintiff ROBERT APODACA JR., the biological father of JACOB APODACA, who brings this action pursuant to California Code of Civil Procedure section 377.30. Plaintiff ROBERT APODACA JR. brings this action as a successor-in-interest on behalf of JACOB APODACA. Plaintiff ROBERT APODACA JR.'s declaration regarding status as a successor-in-interest to JACOB APODACA is attached, pursuant to California Code of Civil Procedure section 377.32.

2

9. Plaintiff ROBERT APODACA JR. is a resident of the State of California, County of Merced. Plaintiff ROBERT APODACA JR. is the biological father of JACOB APODACA. Plaintiff ROBERT APODACA JR. brings this action in a representative capacity, as a successor-in-interest on behalf of JACOB APODACA; and in an individual capacity, on behalf of himself.

10. Defendant COUNTY OF MERCED is located in the State of California. Defendant COUNTY OF MERCED is a "public entity," pursuant to California Government Code section 811.2.

11. Defendant MERCED COUNTY SHERIFF'S OFFICE located in the State of California, County of Merced. Defendant MERCED COUNTY SHERIFF'S OFFICE is a "public entity," pursuant to California Government Code section 811.2.

12. Defendant VERNON WARNKE is and was, at all times material herein, a law enforcement officer and Sheriff for Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant VERNON WARNKE is sued in an individual capacity.

13. Defendant SOTO is and was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant SOTO is sued in an individual capacity.

14. Defendant ANDREA SWEENEY is and was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant ANDREA SWEENEY is sued in an individual capacity.

15. Defendant ROMAN GRANADO is and was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant ROMAN GRANADO is sued in an individual capacity.

16. Defendants DOE 1 to 20 are and/or were agents or employees of Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of agency or employment and under color of state law. Defendants DOE 1 to 10 are sued by their fictitious names and

3

their true and correct names and identities will be substituted when ascertained.

**GENERAL ALLEGATIONS**

17. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

18. On July 27, 2022, JACOB APODACA was booked into the custody of Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, at the Merced County Main Jail, located at 700 West 22nd Street, Merced, CA 95340.

19. JACOB APODACA was booked as a pretrial detainee subject to multiple criminal charges, including: (1) "PC664/187(a) – F: ATTEMPTED MURDER"; (2) "PC245(a)(1) – F: ASSAULT W/DEADLY WEAPON: NOT F/ARM"; (3) "PC186.22(a) – F: PARTICIPATION IN CRIMINAL STREET GANG ACTIVITY"; (4) "PC422(a) – F: CRIMINAL TERRORISTS THREATS"; (5) "PC211 – F: ROBBERY - 212.5(a) 1st DEGREE"; (6) "PC664/187(a) – F: ATTEMPTED MURDER"; (7) "PC186.22(a) – F: PARTICIPATION IN CRIMINAL STREET GANG ACTIVITY"; (8) "PC211 – F: ROBBERY - 212.S(a) 1st DEGREE"; (9) "PC190.2(a)(1): MURDER ENCHANCEMENT"; (10) "PC190.2(a)(1): MURDER ENCHANCEMENT"; and (11) "PC148(a)(1) – M: RESIST, DELAYS OR OBSTRUCTS ANY PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL TECHNICIAN."

20. Defendant MERCED COUNTY SHERIFF'S OFFICE's "Warrant of Arrest" identified JACOB APODACA as having a tattoo, including: "'1' DOT RIGHT FINGER, '4' DOTS LEFT FINGER." Tattoos containing the number "14" are commonly associated with the Norteño or Neustra Familia gang, where the letter "N" is the fourteenth letter of the alphabet.

21. Defendant MERCED COUNTY SHERIFF'S OFFICE's "Pre-Booking Form" identified JACOB APODACA as having "Gang Involvement."

22. On July 27, 2022, Defendant MERCED COUNTY SHERIFF'S OFFICE's "Questionnaire" for JACOB APODACA identified: (1) that JACOB APODACA responded "YES" to the question "DO YOU HAVE ANY ENEMIES?," with "Comments: ACTIVE NORTENO FROM LIVAS"; and (2) that JACOB APODACA responded "YES" to the question "DO YOU HAVE ANY GANG AFFILIATIONS?," with "Comments: NORTENO/LIVAS."

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Apodaca v. County of Merced*, United States District Court, Eastern District of California, Case No. _____

23.     Defendant MERCED COUNTY SHERIFF'S OFFICE's questionnaire failed to identify JACOB APODACA as having "High Risks" including "GANG MEMBER," "ENEMIES," or "HOUSE ALONE," and failed to identify JACOB APODACA as requiring "Special Conditions" including "CAUTION," "PROTECTIVE CUSTODY," or "SEGREGATION."

24.     On July 28, 2022, JACOB APODACA was subject to a classification interview conducted by Defendant ROMAN GRANADO, correctional officer.

25.     Defendant ROMAN GRANADO reported his classification interview, in relevant part, as follows: "I SPOKE WITH JACOB APODACA IN REGARDS TO HIS HOUSING AND GANG AFFILIATION. APODACA STATED HE ASSOCIATES AND PARTICIPATES AS AN LIVAS NORTENO FROM LIVINGSTON, CALIFORNIA. APODACA HAS AFFILIATED AS A NORTENO FOR APPROXIMATELY 1 YEARS HAS ASSOCIATED WITH THEM SINCE HE WAS YOUNG. APODACA STATES HE IS IN GOOD STANDING WITH OTHER NORTENO GANG MEMBERS AND INFORMED ME HIS BROTHER IS JERIMIAH APODACA, A WELL KNOWN NORTENO. APODACA HAS GANG RELATED TATOOS TO INCLUDE AS 'N' ON THE BACK OF HIS LEFT HAND, 'LST' ON HIS RIGHT WRIST, AND FOUR DOTS ON HIS LEFT KNUCKLES. [¶] I REVIEWED APODACA'S PAST CRIMINAL HISTORY AND CURRENT CHARGES. APODACA DOES NOT HAVE ANY PRIOR FELONY CONVICTIONS. APODACA IS CURRENTLY IN CUSTODY FOR ATTEMPTED MURDER, ASSAULT WITH A DEADLY WEAPON, PARTICIPATING IN A CRIMINAL STREET GANG, ROBBERY. APODACA WAS UNFAMILIAR WITH HIS HOUSING OPTIONS HERE IN MERCED COUNTY. I OFFERED DIFFERENT HOUSING OPTIONS TO APODACA AND HE CHOSE TO HOUSE IN GENERAL POPULATION (GP). APODACA STATED HE DOES NOT HAVE ANY SAFETY CONCERNS OR ISSUES HOUSING GP WITH ACTIVE NORTENO GANG MEMBERS. . . . AFTER MEDICAL CLEARANCE, APODACA IS CLEARED TO HOUSE GP ACTIVE NORTENO 3 BLOCK CELL 4."

26.     Defendant ROMAN GRANADO assigned JACOB APODACA's housing: "CLEAR TO HOUSE GP ACTIVE NORTENO 3 BLOCK CELL 4."

27.     On July 30, 2022, Defendant ANDREA SWEENEY, sergeant, approved Defendant ROMAN GRANADO's assignment of JACOB APODACA's housing: "CLEAR TO HOUSE GP

5

ACTIVE NORTENO 3 BLOCK CELL 4."

28.     From August 3, 2022, to October 19, 2022, JACOB APODACA was assigned and housed in the jail's general population, 3 Block Cell 4.

29.     On information and belief: Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, including their jail staff, Defendants ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20, classified, assigned, and housed JACOB APODACA with other inmates that put JACOB APODACA at a direct and known risk of harm, based on JACOB APODACA's gang affiliations and pending criminal charges and the presence of contraband in the jail.

30.     On October 19, 2022, in the afternoon, JACOB APODACA was attacked by multiple inmates wielding contraband weapons in the jail.

31.     JACOB APODACA was stabbed multiple times, including in the chest and abdomen.

32.     JACOB APODACA was struck with a blunt object causing multiple impact injuries, including on the head and neck.

33.     Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, including their jail staff, Defendants DOE 1 to 20, failed to detect the attack on JACOB APODACA while it was occurring.

34.     Around 3:40 p.m., radio traffic reported "man down" and called for additional officers to respond to the jail's 3 Block for a "possible deceased person."

35.     Around 3:41 p.m., medical staff was advised to respond to the location of the incident via "Code 3."

36.     Thereafter, multiple medical staff, including nurses, responded to the location.

37.     JACOB APODACA was non-responsive, "hunched" against a wall, covered in blood, and had a shower curtain covering him.

38.     Defendants DOE 1 to 20 handcuffed individuals inside of the cell where JACOB APODACA's was located.

39.     Responding medical staff asked Defendant SOTO, sergeant, if medical staff could enter the cell and assess the injured inmate, JACOB APODACA.

40.     Defendant SOTO denied medical staff's request to enter the cell and provide JACOB

6

APODACA with treatment.

41.     Responding medical staff attempted to assess JACOB APODACA through jail bars.

42.     Responding medical staff removed the shower curtain covering JACOB APODACA's bloody body, through the jail bars.

43.     Responding medical staff observed multiple stab wounds throughout JACOB APODACA's left chest, left shoulder, and left trunk area, and observed a large and deep laceration to the left side of JACOB APODACA's neck.

44.     Responding medical staff checked JACOB APODACA's carotid for a pulse but no pulse was detected, through the jail bars.

45.     Responding medical staff checked JACOB APODACA's radial pulse but no pulse was detected, through the jail bars.

46.     Responding medical staff placed a stethoscope on JACOB APODACA's chest but no respirations were detected, through the jail bars.

47.     Around 3:45 p.m., Defendant SOTO permitted responding medical staff to enter the cell and treat JACOB APODACA.

48.     Responding medical staff assessed JACOB APODACA's pupils, which were observed to be fixed, dilated, and non-reactive.

49.     Responding medical staff performed compressions on JACOB APODACA's chest and administered an Ambu-Bag, oxygen, C-collar, and automated external defibrillator ("AED").

50.     Around 3:51 p.m., responding medical staff were relieved from performing resuscitation efforts by custody staff, who took-over efforts.

51.     At 4:02 p.m., JACOB APODACA was pronounced dead.

52.     JACOB APODACA's cause of death was identified as "stab wounds of chest and abdomen, and blunt impact injuries of head and neck" and the description of how death occurred was identified as "inmates assaulted victim inside jail cell."

## POLICY / CUSTOM ALLEGATIONS

53.     Defendant VERNON WARNKE, in his capacity as Sheriff, is and was a final policymaking authority for Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S

7

OFFICE, including as it relates to the maintenance and operation of jail and detention facilities; training, supervision, and discipline of staff acting under his command; and the safekeeping of inmates/prisoners in his custody. *See* Cal. Const. Art. XI § 1(b); Cal. Pen. Code § 4000; Cal. Pen. Code § 4006; Cal. Gov. Code § 26605; Cal. Gov. Code § 26610. Defendant VERNON WARNKE has been employed by Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE since 1979, including in supervisory and policymaking capacities since at least 1997. Defendant VERNON WARNKE has served as Sheriff since December 2014.

54.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, and DOE 11 to 20, including their subordinate personnel, Defendants SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 10, maintain and/or acted pursuant to inadequate polices, customs, training, and/or supervision, resulting in the following deficiencies:

> (a)     Failure adequately to classify, assign, and house inmates within the jail;

> (b)     Failure adequately to discern, assess, and consider risk factors of inmates within the jail;

> (c)     Failure adequately to observe, monitor, and supervise inmates within the jail;

> (d)     Failure adequately to detect and investigate the presence of contraband within the jail; and

> (e)     Failure adequately to summon and provide medical treatment to inmates within the jail.

55.     Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, including their jail staff, Defendants SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20, were deliberately indifferent to JACOB APODACA's health and safety, and knew or should have known that JACOB APODACA was at risk of harm, based on the following circumstances:

> (a)     The inadequacy of JACOB APODACA's booking, classification, and assignment of housing at the jail, including JACOB APODACA's housing in the jail's general population;

> (b)     JACOB APODACA's gang affiliation with relation to other inmates in the jail, including JACOB APODACA's affiliation with Norteño/Livas;

> (c)     The nature and severity of JACOB APODACA's criminal charges and presence of

8

other inmates in the jail, with relation to or interest in the outcome of JACOB APODACA's pending criminal charges;

(d)     The inadequacy of supervision of the smuggling and/or creation of contraband in the jail, including those inmates that were able to attack and kill JACOB APODACA with stabbing and blunt-style weapons;

(e)     The inadequacy of supervision and oversight of inmates in and around the area in which JACOB APODACA was housed, including those inmates that were permitted to attack and kill JACOB APODACA undetected;

(f)     The inadequacy of supervision and oversight of inmates in and around the area in which JACOB APODACA was housed, including where jail staff did not or could not intervene to prevent or stop the attack in-progress; and

(g)     The inadequacy of medical care of inmates, including by failing timely to recognize JACOB APODACA's need for medical care, to summon necessary medical care, and to permit necessary medical care.

56.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, and DOE 1 to 20 were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of the deficient policies or customs because the inadequacies and deficiencies were so obvious and likely to result in the violation of rights of persons, including the death of JACOB APODACA.

57.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, and DOE 1 to 20's inadequate policies, customs, training, supervision, and control of personnel and inmates was a moving force behind and contributed to the death of JACOB APODACA.

## FIRST CLAIM

### Deliberate Indifference / Failure-to-Protect

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

58.     Plaintiff ESTATE OF JACOB APODACA asserts this Claim (pursuant to California Code of Civil Procedure section 377.30) against Defendants COUNTY OF MERCED, MERCED

9

COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

59.     The allegations of the preceding paragraphs 1 to 57 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

60.     Defendants ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20 insufficiently classified, assigned, and housed JACOB APODACA, putting him at substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, in violation of rights protected by the Fourteenth Amendment to the U.S. Constitution.

61.     Defendants SOTO and DOE 1 to 20 denied JACOB APODACA necessary medical care, putting him at substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, in violation of rights protected by the Fourteenth Amendment to the U.S. Constitution.

62.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, and DOE 1 to 20 maintained policies or customs of action and inaction resulting in harm to JACOB APODACA, in violation of rights protected by the Fourteenth Amendment to the U.S. Constitution.

63.     Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

64.     JACOB APODACA was injured as a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JACOB APODACA to receive compensatory/survival damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20; and punitive damages against Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JACOB APODACA prays for relief as hereunder appears.

10

## SECOND CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

65.     Plaintiff ROBERT APODACA JR. asserts this Claim against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

66.     The allegations of the preceding paragraphs 1 to 57 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

67.     Plaintiff ROBERT APODACA JR. shared a close relationship and special bond with JACOB APODACA, his biological son, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a loving father-son relationship, prior to the death of JACOB APODACA.

68.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20 caused the unwarranted interference with, and premature termination of, Plaintiff ROBERT APODACA JR.'s familial association with JACOB APODACA, in the violation of rights protected by the Fourteenth Amendment to the U.S. Constitution.

69.     Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

70.     Plaintiff ROBERT APODACA JR. was injured as a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20's actions and inactions, entitling him to receive compensatory/wrongful death damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20; and punitive damages against Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

WHEREFORE, Plaintiff ROBERT APODACA JR. prays for relief as hereunder appears.

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Apodaca v. County of Merced*, United States District Court, Eastern District of California, Case No. _____

## THIRD CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. I; 42 U.S.C. § 1983)

71.     Plaintiff ROBERT APODACA JR. asserts this Claim against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

72.     The allegations of the preceding paragraphs 1 to 57 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

73.     Plaintiff ROBERT APODACA JR. shared a close relationship and special bond with JACOB APODACA, his biological son, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a loving father-son relationship, prior to the death of JACOB APODACA.

74.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20 caused the unwarranted interference with, and premature termination of, Plaintiff ROBERT APODACA JR.'s familial association with JACOB APODACA, in the violation of rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

75.     Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

76.     Plaintiff ROBERT APODACA JR. was injured as a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20's actions and inactions, entitling him to receive compensatory/wrongful death damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20; and punitive damages against Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

WHEREFORE, Plaintiff ROBERT APODACA JR. prays for relief as hereunder appears.

12

## FOURTH CLAIM

### Failure to Summon Medical Care

### (Cal. Gov. Code § 845.6)

77.     Plaintiff ESTATE OF JACOB APODACA asserts this Claim (pursuant to California Code of Civil Procedure section 377.30) against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, and DOE 1 to 20.

78.     The allegations of the preceding paragraphs 1 to 57 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

79.     Defendants SOTO and DOE 1 to 20 knew or had reason to know that JACOB APODACA was in need of immediate medical care and failed to take reasonable action to summon medical care, in violation of rights protected by Cal. Gov. Code § 845.6.

80.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, and DOE 1 to 20 maintained policies or customs of action and inaction resulting in harm to JACOB APODACA, in violation of rights protected by Cal. Gov. Code § 845.6.

81.     Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants VERNON WARNKE, SOTO, and DOE 1 to 20.

82.     Defendants VERNON WARNKE, SOTO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

83.     JACOB APODACA was injured as a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JACOB APODACA to receive compensatory/survival damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, and DOE 1 to 20; and punitive damages against Defendants VERNON WARNKE, SOTO, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JACOB APODACA prays for relief as hereunder appears.

/ / /

**FIFTH CLAIM**

**Tom Bane Civil Rights Act**

**(Cal. Civ. Code § 52.1)**

84.     Plaintiff ESTATE OF JACOB APODACA asserts this Claim (pursuant to California Code of Civil Procedure section 377.30) against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

85.     The allegations of the preceding paragraphs 1 to 57 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Deliberate Indifference

86.     Defendants ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20 insufficiently classified, assigned, and housed JACOB APODACA, putting him at substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, with deliberate indifference or reckless disregard of rights protected by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

87.     Defendants SOTO and DOE 1 to 20 denied JACOB APODACA necessary medical care, putting him at substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, with deliberate indifference or reckless disregard of rights protected by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

88.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, and DOE 1 to 20 maintained policies or customs of action and inaction resulting in harm to JACOB APODACA, with deliberate indifference or reckless disregard of rights protected by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

Failure to Summon Medical Care

89.     Defendants SOTO and DOE 1 to 20 knew or had reason to know that JACOB APODACA

14

was in need of immediate medical care and failed to take reasonable action to summon medical care, with deliberate indifference or reckless disregard of rights protected by Cal. Gov. Code § 845.6.

90.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, and DOE 1 to 20 maintained policies or customs of action and inaction resulting in harm to JACOB APODACA, with deliberate indifference or reckless disregard of rights protected by Cal. Gov. Code § 845.6.

Common Allegations

91.     Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

92.     Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

93.     JACOB APODACA was injured as a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JACOB APODACA to receive compensatory/survival and treble damages and civil/statutory penalties against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20; and punitive damages against Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JACOB APODACA prays for relief as hereunder appears.

**SIXTH CLAIM**

**Intentional Infliction of Emotional Distress**

94.     Plaintiff ESTATE OF JACOB APODACA asserts this Claim (pursuant to California Code of Civil Procedure section 377.30) against Defendants VERNON WARNKE, SOTO, ANDREA

15

SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

95.     The allegations of the preceding paragraphs 1 to 57 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

96.     Defendants ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20 engaged in outrageous conduct, including insufficiently classifying, assigning, and housing JACOB APODACA, with intent or reckless disregard of the probability that JACOB APODACA would suffer emotional distress and he did suffer severe emotional distress.

97.     Defendants SOTO and DOE 1 to 20 engaged in outrageous conduct, including denying and failing to summon necessary medical care for JACOB APODACA, with intent or reckless disregard of the probability that JACOB APODACA would suffer emotional distress and he did suffer severe emotional distress.

98.     Defendants VERNON WARNKE and DOE 1 to 20 engaged in outrageous conduct, including maintaining policies or customs of action and inaction which resulted in harm to JACOB APODACA, with intent or reckless disregard of the probability that JACOB APODACA would suffer emotional distress and he did suffer severe emotional distress.

99.     Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

100.     JACOB APODACA was injured as a direct and proximate result of Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JACOB APODACA to receive compensatory/survival and punitive damages against Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JACOB APODACA prays for relief as hereunder appears.

## SEVENTH CLAIM

### Negligence

101.     Plaintiff ESTATE OF JACOB APODACA asserts this Claim (pursuant to California Code of Civil Procedure section 377.30) against Defendants COUNTY OF MERCED, MERCED

16

COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

102.    The allegations of the preceding paragraphs 1 to 57 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

103.    Defendants ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20 owed a duty of care to JACOB APODACA and breached that duty, including by insufficiently classifying, assigning, and housing JACOB APODACA.

104.    Defendants SOTO and DOE 1 to 20 owed a duty of care to JACOB APODACA and breached that duty, including by denying and failing to summon necessary medical care for JACOB APODACA.

105.    Defendants VERNON WARNKE and DOE 1 to 20 owed a duty of care to JACOB APODACA, including a special relationship with JACOB APODACA and Defendants SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20, and breached that duty, including by maintaining policies or customs of action and inaction which resulted in harm to JACOB APODACA.

106.    Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE owed a duty of care under Cal. Gov. Code § 845.6 and breached that duty, including by maintaining policies or customs of action and inaction which resulted in harm to JACOB APODACA.

107.    Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE is vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants VERNON WARNKE, SOTO, and DOE 1 to 20.

108.    Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

109.    JACOB APODACA was injured as a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JACOB APODACA to receive compensatory/survival damages against Defendants COUNTY OF

17

MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20; and punitive damages against Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JACOB APODACA prays for relief as hereunder appears.

## EIGHTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60)

110.     Plaintiff ROBERT APODACA JR. asserts this Claim against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20.

111.     The allegations of the preceding paragraphs 1 to 57 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

112.     Defendants ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20 caused JACOB APODACA's death by wrongful act and neglect, including by insufficiently classifying, assigning, and housing JACOB APODACA.

113.     Defendants SOTO and DOE 1 to 20 caused JACOB APODACA's death by wrongful act and neglect, including by denying and failing to summon necessary medical care for JACOB APODACA.

114.     Defendants VERNON WARNKE and DOE 1 to 20 caused JACOB APODACA's death by wrongful act and neglect, including by maintaining policies or customs of action and inaction.

115.     Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE caused JACOB APODACA's death by wrongful act and neglect, including by maintaining policies or customs of action and inaction in violation of rights protected by Cal. Gov. Code § 845.6.

116.     Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE is vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants VERNON WARNKE, SOTO, and DOE 1 to 20.

117.     Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO,

18

1 and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great

2 harm.

3       118.    JACOB APODACA died as a direct and proximate result of Defendants COUNTY OF

4 MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA

5 SWEENEY, ROMAN GRANADO, and DOE 1 to 20's actions and inactions, entitling Plaintiff

6 ROBERT APODACA JR. to receive compensatory/wrongful death damages and expenses against

7 Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON

8 WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20; and punitive

9 damages against Defendants VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN

10 GRANADO, and DOE 1 to 20.

11       WHEREFORE, Plaintiff ROBERT APODACA JR. prays for relief as hereunder appears.

12 **PRAYER FOR RELIEF**

13       WHEREFORE, Plaintiffs ESTATE OF JACOB APODACA and ROBERT APODACA JR. seek

14 Judgment as follows:

15       1.    For an award of compensatory, general, special, and nominal damages (including survival

16 damages and wrongful death damages under federal and state law) against Defendants COUNTY OF

17 MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA

18 SWEENEY, ROMAN GRANADO, and DOE 1 to 20, in excess of $10,000,000, according to proof at

19 trial;

20       2.    For an award of exemplary/punitive damages against Defendants VERNON WARNKE,

21 SOTO, ANDREA SWEENEY, ROMAN GRANADO, and DOE 1 to 20, in an amount sufficient to deter

22 and to make an example of them, because their actions and/or inactions, as alleged, were motivated by

23 evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily

24 protected rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, or malice

25 resulting in great harm;

26       3.    For funeral and/or burial expenses;

27       4.    For an award of actual damages, treble damages, punitive damages, civil penalties, and

28 any other available relief against Defendants COUNTY OF MERCED, MERCED COUNTY

19

SHERIFF'S OFFICE, VERNON WARNKE, SOTO, ANDREA SWEENEY, ROMAN GRANADO, and

DOE 1 to 20, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable (except

that no punitive damages are sought against Defendants COUNTY OF MERCED and MERCED

COUNTY SHERIFF'S OFFICE, pursuant to Cal. Civ. Code § 818);

5.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal.

Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable;

6.      For interest; and

7.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: February 3, 2023                                    Respectfully Submitted,

By: _____
     Mark E. Merin
     Paul H. Masuhara
     LAW OFFICE OF MARK E. MERIN
     1010 F Street, Suite 300
     Sacramento, California 95814
     Telephone: (916) 443-6911
     Facsimile: (916) 447-8336

     Attorneys for Plaintiffs
     ESTATE OF JACOB APODACA
     and ROBERT APODACA JR.

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF JACOB APODACA and ROBERT APODACA JR.

Dated: February 3, 2023

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF JACOB APODACA
and ROBERT APODACA JR.

COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Apodaca v. County of Merced*, United States District Court, Eastern District of California, Case No. _____